UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

NANCY L. H.,

        Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.

CASE NO. C22-5505-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER PROCEEDINGS**

    Plaintiff appeals the ALJ's decision finding her not disabled. She contends the ALJ erroneously failed to resolve the inconsistent opinions of the agency medical consultants Thomas W. Davenport, M.D., and JD Fitterer M.D. Dkt. 10 at 5. The Court agrees and accordingly reverses the Commissioner's final decision for further proceedings.

    The ALJ found that in May 2018, Dr. Davenport opined Plaintiff could perform light work and in September 2018 Dr. Fitterer opined Plaintiff could perform medium level wok. Tr. 108. The ALJ found the opinions are "persuasive," and:

> These opinions are consistent with the medical evidence that showed she had some reported pain, but the majority of the medical evidence was directed towards mental impairments with limited evidence during the relevant period. However their opinion is consistent with the evidence that showed the claimant reported some pain and x-rays prior to the relevant period that showed some degeneration and arthritis.

ORDER REVERSING AND REMANDING FOR FURTHER
PROCEEDINGS - 1

*Id.* The Commissioner contends the Court should reject Plaintiff's argument that the ALJ failed to resolve the conflict between the two opinions because "the decision detailed why the ALJ found the more current opinion more reliable." Dkt. 11 at 2. In specific the Commissioner argues "later evidence" such as Dr. Peter Weir's, M.D. opinion suggest Plaintiff has no functional limitations, paired with Dr. Fitterer's concerns about Plaintiff's reliability "provide a reasonable basis for finding Dr. Fitterer's assessment more reliable." *Id.*

The Commissioner's argument fails. First, the Commissioner's argument acknowledges there is a conflict between the two different opinions the doctors provided about Plaintiff's RFC. As the Commissioner notes the ALJ is required to determine credibility and resolve conflicting medical opinions. Dkt. 11 at 4.

Second, the ALJ failed to resolve the conflict between two persuasive medical opinions. Contrary to the Commissioner's argument, the ALJ's decision contains no explanation as to whether the ALJ was discounting Dr. Davenport's opinion in favor of Dr. Fitterer's opinion, and if so for what reasons. Substantial evidence thus does not support the contention the ALJ properly resolved the conflicting opinions. Rather, the Commissioner's argument is an improper post-hoc rationalization that this Court cannot rely on to affirm the ALJ. *See Pinto v. Massanari*, 249 F.3d 840, 847-48 (9th Cir. 2001). The Court must review the ALJ's decision based on the reasoning and findings offered by the ALJ—not post hoc rationalizations proffered by the Commissioner that attempt to intuit what the ALJ might have been thinking. *Bray v. Comm'r of SSA,* 554 F.3d 1219, 1225 (9th Cir. 1995).

Third, the Commissioner's argument the ALJ found Dr. Fitterer's opinion "more reliable" because Dr. Fitterer reviewed Dr. Peter Weir's report, whereas Dr. Davenport did not, is not supported by the ALJ's decision. Dkt.11 at 7. The ALJ noted Dr. Weir "opined that the claimant

did not have any functional limitations" and rejected this opinion stating "[t]he undersigned does not find this opinion [Dr. Weir's] persuasive based upon the claimant's history of reported pain and x-rays showing mild and moderate degeneration and osteoarthritis."  The Commissioner's claim the ALJ relied upon Dr. Weir's opinions, which also informed Dr. Fitterer's opinion, is thus belied by the ALJ's determination to give no weight to Dr. Weir's opinion.

The Court accordingly concludes the ALJ harmfully erred by failing to resolve the conflict between two medical opinions that were both found to be persuasive. The error is harmful because Dr. Davenport opined Plaintiff was limited to light work, a limitation that was not accounted for in the RFC determination and not presented in hypothetical questions posed to the vocational expert.

The Court therefore **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall resolved the conflict between the opinions of Drs. Davenport and Fitterer, develop the record and redetermine RFC as necessary, and proceed to the remaining steps of the disability determination process as appropriate.

DATED this 5th day of December, 2022.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge